UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-01805-FWS-ADS  Date: November 21, 2022
Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendant:

Not Present                                                Not Present

**PROCEEDINGS: ORDER DENYING APPLICANT'S MOTION FOR INTERVENTION [45]**

Before the court is Proposed Intervenor Emanuel McCray's ("Applicant") Motion to Intervene. (Dkt. 45 ("Motion" or "Mot.").) Plaintiffs Mark McDonald and Jeff Barke ("Plaintiffs") oppose. (Dkt. 56-1 ("Opposition" or "Opp.").) The court held oral argument on this matter on November 17, 2022. Based on the record, as applied to the applicable law, the court **DENIES** the Motion.

**I.      Relevant Background**

Plaintiffs filed the Complaint in this action on October 4, 2022, (Dkt. 1), and a Motion for Preliminary Injunction on October 5, 2022, (Dkt. 35). Plaintiffs are physicians licensed to practice in California, and challenge California Assembly Bill 2098, which, in general, deems "disseminating misinformation or disinformation related to COVID-19" as "unprofessional conduct." (*See id.* ¶¶ 1-2.) *See also* AB 2098, 2021-2022 Reg. Sess. (Cal. 2022) (to be codified at Cal. Bus. & Prof. Code § 2270) ("AB 2098"). Plaintiffs bring the action against California Attorney General Robert Bonta and members of California's Medical Board in their official capacities, seeking declaratory and injunctive relief. (Dkt. 1 ¶¶ 8-9.) Plaintiffs assert AB 2098 is unconstitutional on two grounds: (1) because AB 2098 constitutes content and viewpoint-based discrimination on speech by the government in violation of the First Amendment; and (2) because AB 2098 is void for vagueness under the Fourteenth Amendment. (*See id.* ¶¶ 66-86.)

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01805-FWS-ADS | Date: November 21, 2022 |
| Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.* | |

On October 24, 2022, Applicant moved to intervene in this case on behalf of himself and "and all other citizens of the United States similarly situated, as a class." (Mot. at 2.) Applicant seeks to intervene "pursuant to Rule 24 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.); the Declaration of Independence, the Treaty of Paris, Gr. Brit.-U.S., September 3, 1783, 8 Stat. 80; the Compromise of 1850 (An Act for the Admission of the State of California into the Union); our sovereign power reserved to the People in the Tenth Amendment, and our power as a group acting as a class pursuant to the Supreme Court in *Bond v. United States*, 572 U.S. 844, 853 (2014), and *Califano v. Yamasaki*, 442 U.S. 682, 700, (1979)." (Mot. at 2.)

**II.   Legal Standard**

Federal Rule of Civil Procedure 24 controls intervention. The Rule provides:

(a) **Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:
   (1) is given an unconditional right to intervene by a federal statute; or
   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) **Permissive Intervention.**
   (1) *In General.*  On timely motion, the court may permit anyone to intervene who:
       (A) is given a conditional right to intervene by a federal statute; or
           (B) has a claim or defense that shares with the main action a common question of law or fact[.]

. . .

   (3) **Delay or Prejudice.** In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01805-FWS-ADS    Date: November 21, 2022
Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.*

    A.    <u>Intervention of Right under Rule 24(a)</u>

Courts in the Ninth Circuit apply a four-part test when analyzing a motion to intervene of right under Rule 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

In determining whether an application is timely, courts evaluate "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (citation omitted). The "crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016). "An applicant has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims." *Cal. rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir.1998)) (internal quotation marks omitted). In assessing whether the applicant's interest is impaired or impeded, the advisory committee's notes to Rule 24 state that an absent party "should, as a general rule, be entitled to intervene" if the "absentee would be substantially affected in a practical sense by the determination made in an action." Fed. R. Civ. P. 24 advisory comm. notes (1996 am.); *see Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting same advisory committee's note with approval). Courts "consider[] three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01805-FWS-ADS　　　　　　　　　　　　　　Date: November 21, 2022
Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.*

___

arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citation omitted).

In evaluating whether these requirements are met, "courts are guided primarily by practical and equitable considerations" and "construe the Rule broadly in favor of proposed intervenors." *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 397 (9th Cir. 2002) (cleaned up). The proposed intervenor bears the burden to demonstrate that these requirements are met. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). "Failure to satisfy any one of the requirements is fatal to the application," and the court "need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

　　B.　　Permissive Intervention under Rule 24(b)

The court has discretion to permit intervention when an applicant "presents (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the [applicant's] claim or defense and the main action." *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (citation and internal quotation marks omitted). The court's "authority to grant or deny an application for permissive intervention includes discretion to limit intervention to particular issues." *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 619 (9th Cir. 2020) (citation and internal quotation marks omitted).

The independent jurisdictional grounds requirement addresses the "concern that intervention might be used to enlarge inappropriately the jurisdiction of the district courts," *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citing Fed. R. Civ. P. 82), and so it "does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims," *id.* at 844. In evaluating the timeliness of a motion to permissively intervene, the court considers the same three factors as it does when analyzing a motion to intervene of right (prejudice, delay, and the stage of the proceeding).

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01805-FWS-ADS | Date: November 21, 2022 |
| Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.* | |

*Compare San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1100-01 (9th Cir. 1999) (permissive intervention), *with McGough*, 967 F.2d at 1394 (intervention of right). A "sufficiently strong nexus" between the applicant's claim or defense and the main action satisfies the commonality requirement, and "[f]urther specificity, *e.g.*, that [a] claim involve the same clause of [a] policy, or the same legal theory, is not required when intervenors are not becoming parties to the litigation." *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992).

"Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly*, 159 F.3d at 412 (citations omitted). And if the court determines that the initial conditions are met, it is still "entitled to consider other factors in making its discretionary decision on the issue of permissive intervention." *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (listing additional, relevant factors). The court must consider "whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Donnelly*, 159 F.3d at 412 (citations omitted); *accord* Fed. R. Civ. P. 24(b)(3). "Finally, judicial economy is a relevant consideration in deciding a motion for permissive intervention." *Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989) (citations omitted).

"Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Berg*, 268 F.3d at 820.

**III. Discussion**

As Plaintiffs point out in the Opposition, the Motion is lacking in several respects. An individual who seeks to intervene of right in an action must have Article III standing when they seek relief beyond that requested by the Plaintiff. *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017). Article III standing requires: (1) "an injury in fact that is concrete, particularized, and actual or imminent"; (2) "that the injury was likely caused by the defendant"; and (3) "that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (June 25, 2021) (citation omitted). However, Applicant

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

___

Case No.: 8:22-cv-01805-FWS-ADS                          Date: November 21, 2022
Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.*

___

has not clearly set forth a cognizable harm that he has suffered which can be fairly traced to Defendants. *See Mecinas v. Hobbs*, 30 F.4th 890, 899 (9th Cir. 2022) ("To establish traceability, 'there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'") (citation and internal quotation marks omitted). The Motion is replete with general mentions of the Declaration of Independence, Treaty of Paris, Compromise of 1850, and the Tenth Amendment, but nowhere in the Motion does Applicant articulate a "concrete and particularized" injury he has suffered related to Defendants' actions alleged in the Complaint. (*See generally* Mot.) The closest to any such injury appears to be Applicant's belief "China blocked [Applicant] from sharing a Tweet from his Twitter account . . . for being 'false information about COVID-19 that could contribute to physical harm,'" but Applicant does not articulate how this event relates to Defendants or AB 2098 purportedly "intentionally, benefit[ting] [] censorship policies" of foreign entities, or how such harm would be redressable. (*See* Mot. at 12.) Because Applicant "rais[es] only [] generally available grievance[s] about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—[Applicant] does not state an Article III case or controversy," and thus lacks Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573 (1992) (noting the Supreme Court has "consistently held" as such). Accordingly, to the extent Applicant seeks relief beyond that sought in the Complaint, the court finds he may not intervene as a matter of right.

Additionally, Plaintiffs argue Applicant did not attach a proposed pleading to the Motion as required by Rule 24(c). Rule 24(c) provides that a motion to intervene must be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Plaintiffs contend that the Motion "cites various statutes, treaties, constitutional provisions, and an Oscar-winning film, but at no point as far as Plaintiffs can see do any of these amount to any claim on which relief could plausibly be granted" such that Plaintiffs lack notice of the claims Applicant seeks to bring. (Opp. at 2.) On review of the Motion, the court finds Applicant's attached Memorandum of Law in Support of Motion to Intervene does not ascertainably set forth the claims Applicant seeks to bring in this action, whether on behalf of himself or a putative class. The court finds this noncompliance with Rule

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01805-FWS-ADS | Date: November 21, 2022 |
| Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.* | |

24(c) also supports denying the Motion. *See United States v. Cermak*, 592 F. App'x 565, 566 (9th Cir. 2015) (holding district court properly denied motion for intervention of right where applicant failed to show all requirements for intervention were met) (citing Fed. R. Civ. P. 24(c)).

Moreover, factors courts in the Ninth Circuit consider militate towards denying both intervention of right and permissive intervention. To intervene of right, Applicant must show (1) he timely moved to intervene; (2) he has a significantly protectible interest in the property or transaction that is the subject of the action; (3) he is situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) he is not adequately represented by existing parties. *Wilderness Soc.*, 630 F.3d at 1177. "Failure to satisfy any one of the requirements is fatal to the application, and [the court] need not reach the remaining elements if one of the elements is not satisfied." *Perry*, 587 F.3d 947, 950 (9th Cir. 2009). Here, Applicant has not asserted that he, or any member of the proposed class, is a medical professional to which the proscriptions of AB 2098 would apply, nor specified with sufficient particularity the claims he seeks to bring. (*See generally* Mot.) Accordingly, Applicant has not identified he holds the requisite "interest that is protected under some law" nor a "'relationship' between [his] legally protected interest and [Plaintiffs'] claims." *Lockyer*, 450 F.3d at 441 (citation and internal quotation marks omitted). Additionally, Plaintiffs seek to invalidate AB 2098 in its entirety in this action; Applicant does not set forth how they would inadequately represent his apparently similar interests. As such, intervention of right is unwarranted.

The court has broad discretion to permit or deny intervention under Rule 24(b). *See Donnelly*, 159 F.3d at 412; *Spangler*, 552 F.2d at 1329. As a threshold matter, Applicant does not address the requirements of Rule 24(b) in the Motion, instead broadly asserting that they are "also satisf[ied]." (*See* Mot. at 20.) Further, the court must consider whether permitting Applicant to intervene "will unduly delay the main action" or will "unfairly prejudice the existing parties." *Donnelly*, 159 F.3d at 412(citations omitted). Applicant proposes to intervene on behalf of an asserted class consisting of essentially every individual in the United States, and appears to seek to inject amorphous claims brought under myriad statues, treaties, constitutional provisions, and laws of unclear applicability into this litigation. The court finds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01805-FWS-ADS | Date: November 21, 2022 |
| Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.* | |

the inevitable increase in litigation commensurate with the scope of these issues would significantly delay and complicate proceedings in this matter, and otherwise be prejudicial to the parties given Plaintiffs seek injunctive relief on an expedited basis.  (*See generally* Dkt. 35.)  Even if Applicant had demonstrated he meets the remaining elements of Rule 24(b), these considerations would still compel the court to conclude that permissive intervention is unwarranted.  *Cf. Donnelly*, 159 F.3d at 412 (stating district courts may deny intervention if an applicant satisfies the threshold requirements to permissively intervene).

### IV.     Disposition

For the reasons set forth above, the court **DENIES** the Motion.

Initials of Deputy Clerk:  mku