_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-01805-FWS-ADS                                  Date: November 21, 2022
Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION [35] AND DISMISSING COMPLAINT [1] FOR LACK OF STANDING**

  Before the court is Plaintiffs Mark McDonald and Jeff Barke's ("Plaintiffs") Motion for Preliminary Injunction. (Dkt. 35 ("Motion" or "Mot.").) Defendants Kristina D. Lawson, in her official capacity as President of the Medical Board of California; Randy W. Hawkins, in his official capacity as Vice President of the Medical Board of California; Laurie Rose Lubiano, in her official capacity as Secretary of the Medical Board of California; Michelle Anne Bholat, David E. Ryu, Ryan Brooks, James M. Healzer, Asif Mahmood, Nicole A. Jeong, Richard E. Thorp, Veling Tsai, and Eserick Watkins, in their official capacities as members of the Medical Board of California; and Robert Bonta, in his official capacity at Attorney General of California (collectively, "Defendants"), oppose the Motion. (Dkt. 50 ("Opposition" or "Opp.").) Plaintiffs filed a reply brief. (Dkt. 55 ("Reply").) Appearing as amici curiae, non-parties American Civil Liberties Union of Northern California and American Civil Liberties Union of Southern California (collectively, "Amici") filed a brief in support of the Motion. (Dkt. 60-1 ("Amici Brief").)

  Based on the record, as applied to the applicable law, the court **DENIES** the Motion. Because the court finds Plaintiffs lack standing, the court further **DISMISSES WITH LEAVE TO AMEND** the Complaint (Dkt. 1 ("Compl.")).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01805-FWS-ADS            Date: November 21, 2022
Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.*

I.       **Relevant Background**

      A.       Plaintiffs

Plaintiffs Dr. Jeff Barke and Dr. Mark McDonald are doctors licensed to practice in California. (Dkts. 36 ("McDonald Decl.") ¶ 2; 35-2 ("Barke Decl.") ¶ 2.) Dr. Barke operates a concierge medical practice in Newport Beach, California, while Dr. McDonald operates a psychiatric practice in the Los Angeles area. (McDonald Decl. ¶ 2: Barke Decl. ¶ 2.) Aside from an investigation pending against Dr. McDonald stemming from statements he made on social media, which is discussed more fulsomely below, no medical regulatory authority has disciplined, sustained a complaint for unprofessional conduct against, or suspended the license of, either Plaintiff. (McDonald Decl. ¶ 20, Barke Decl. ¶ 14.)

Plaintiffs disagreed with certain aspects of the "public health response to the COVID-19 pandemic," and each describes himself as "outspoken" about the subject. (McDonald Decl. ¶ 7; Barke Decl. ¶ 7.) In particular, Plaintiffs objected to California's policies mandating the isolation of children, as well as measures requiring children and adults to wear masks. (McDonald Decl. ¶¶ 8-10; Barke Decl. ¶¶ 8-10.) Plaintiffs have also "raised concerns about the new vaccines developed to combat COVID-19" and "supported the use of medications such as ivermectin and hydroxychloroquine as options to treat COVID-19" based on opinions Plaintiffs formed from their evaluations of available studies and evidence. (McDonald Decl. ¶¶ 11-12; *accord* Barke Decl. ¶¶ 11-12.) Plaintiffs have "advocated publicly about these and other objections to federal and state COVID-19 policies, including on social media, in various media interviews, and in [their] own published writing." (McDonald Decl. ¶ 13; *accord* Barke Decl. ¶ 13.)

In December 2021, Dr. McDonald received notice that he was placed under investigation by the Medical Board of California based on complaints filed in response to posts he made on Facebook and Twitter regarding "posts on [the websites] about masks [that] were flagged for spreading misinformation about Covid and using derogatory terms for disabled people" as well as promoting ivermectin as a treatment for COVID-19. (*See* Dkt. 35-1; McDonald Decl. ¶ 15.) Dr. McDonald maintains his recommendations and views regarding efficacious and safe

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01805-FWS-ADS | Date: November 21, 2022 |
| Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.* | |

treatments for COVID-19 are based on his review of the applicable empirical evidence, and denies having offered "medical opinions that have included any inaccurate information regarding the [] virus, the use of masks, or handicapped people." (*See* Dkt. 35-1; McDonald Decl. ¶ 16.)

On October 4, 2022, Plaintiffs filed this action against California Attorney General Robert Bonta and the members of California's Medical Board named above in their official capacities, seeking declaratory and injunctive relief. (Dkt. 1 ("Compl.") ¶¶ 8-9.) Plaintiffs contend AB 2098, 2021-2022 Reg. Sess. (Cal. 2022) (to be codified at Cal. Bus. & Prof. Code § 2270) ("AB 2098") is unconstitutional for two reasons: (1) because AB 2098 constitutes content and viewpoint-based discrimination on speech by the government in violation of the First Amendment; and (2) because AB 2098 is void for vagueness under the Fourteenth Amendment. (*See id.* ¶¶ 66-86.) The Motion seeks to enjoin AB 2098 before it becomes effective on January 1, 2023.

    B.    <u>AB 2098</u>

At the time AB 2098 was enacted, the legislature noted "[t]he global spread of the SARS-CoV-2 coronavirus, or COVID-19, ha[d] claimed the lives of over 6,000,000 people worldwide, including nearly 90,000 Californians." AB 2098 § 1(a). The statute's legislative findings state that "[d]ata from the federal Centers for Disease Control and Prevention (CDC) shows that unvaccinated individuals are at a risk of dying from COVID-19 that is 11 times greater than those who are fully vaccinated," *id.* § 1(b), and "[t]he safety and efficacy of COVID-19 vaccines have been confirmed through evaluation by the federal Food and Drug Administration (FDA) and the vaccines continue to undergo intensive safety monitoring by the CDC," *id.* § 1(c). The California Legislature also found that "[t]he spread of misinformation and disinformation about COVID-19 vaccines has weakened public confidence and placed lives at serious risk," *id.* § 1(d), and "[m]ajor news outlets have reported that some of the most dangerous propagators of inaccurate information regarding the COVID-19 vaccines are licensed health care professionals," *id.* § 1(e). The Legislature's findings cite a statement by the Federation of State Medical Boards "warning that physicians who engage in the dissemination of COVID-19 vaccine misinformation or disinformation risk losing their medical license, and

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-01805-FWS-ADS                          Date: November 21, 2022
Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.*

that physicians have a duty to provide their patients with accurate, science-based information." *Id.* § 1(f).

Under AB 2098, "[i]t shall consitute unprofessional conduct for a physician and surgeon to disseminate misinformation or disinformation related to COVID-19, including false or misleading information regarding the nature and risks of the virus, its prevention and treatment; and the development, safety, and effectiveness of COVID-19 vaccines." *Id.* § 2(a). The measure defines "[d]isinformation" as "misinformation that the licensee deliberately disseminated with malicious intent or an intent to mislead," *id.* § 2(b)(2), and "[m]isinformation" as "false information that is contradicted by contemporary scientific consensus contrary to the standard of care," *id.* § 2(b)(4). "Disseminate means the conveyance of information from the licensee to a patient under the licensee's care in the form of treatment or advice." *Id.* § 2(b)(3). "Physician[s] and surgeon[s]," to which AB 2098 is applicable, are "person[s] licensed by the Medical Board of California or the Osteopathic Medical Board of California . . . ." *Id.* § 2(b)(5).

## II.     Legal Standard

### A.     Preliminary Injunction

"A preliminary injunction is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). A plaintiff seeking a preliminary injunction must demonstrate "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Id.* (alterations in original) (quoting *Winter*, 555 U.S. at 20). "The first factor under *Winter* is the most important," to the extent the court need not consider the remaining three elements where the plaintiff fails to show a likelihood of success on the merits. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01805-FWS-ADS　　　　　　　　　　　　　Date: November 21, 2022
Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.*

F.4th 613, 635 (9th Cir. 2021) (cleaned up).  Under that formulation, "'"serious questions going to the merits" and a balance of hardships that tips sharply towards the plaintiffs can support issuance of a preliminary injunction, so long as the plaintiffs also show that there is a likelihood of irreparable injury and that the injunction is in the public interest."'  *Id.* (alterations and internal quotation marks omitted) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

**III.    Discussion**

　　A.　　<u>Plaintiffs' Standing</u>

　　Defendants argue Plaintiffs lack Article III standing because neither has alleged a sufficiently imminent threat of enforcement to sustain a pre-enforcement claim nor otherwise adequately pleaded an injury in fact.  (Opp. at 7-9.)  Defendants also argue that Plaintiffs lack standing because they do not demonstrate their behavior on which Plaintiffs base their challenge was previously permissible under California law but would be prohibited by AB 2908.  (*Id.* at 8-9.)  Plaintiffs assert the chilling effect of AB 2908 on their provision of medical advice to their patients sufficiently establish standing because "Defendants would classify their advice as a violation of the standard of care" on the presumption that Plaintiffs' views regarding evidentiarily supported treatment for COVID-19 would differ from those of California's Medical Board.  (Reply at 4-5.)  Plaintiffs further contend that AB 2908 would subject them to potentially losing their licenses after a single act of advice, and that the purported vagueness of the law prevents them from alleging the specificity of injury Defendants maintain is necessary.  (*Id.* at 5-7.)

　　"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (June 25, 2021) (citation omitted).  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  "An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a "'substantial risk'" that the

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01805-FWS-ADS | Date: November 21, 2022 |
| Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.* | |

harm will occur.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)).

The court is mindful that "[c]onstitutional challenges based on the First Amendment present unique standing considerations." *Ariz. Right to Life Pol. Action Comm. v. Bayless*, 320 F.3d 1002, 1006 (9th Cir. 2003). As such, "the Supreme Court has endorsed what might be called a 'hold your tongue and challenge now' approach rather than requiring litigants to speak first and take their chances with the consequences." *Id.* (citing *Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965) & *Bland v. Fessler*, 88 F.3d 729, 736-37 (9th Cir. 1996)). However, a "chilling of First Amendment rights can constitute a cognizable injury" only "so long as the chilling effect is not based on a fear of future injury that itself is too speculative to confer standing." *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 826 (9th Cir. 2020) (cleaned up).

A plaintiff satisfies the injury-in-fact requirement required for pre-enforcement standing where the plaintiff "alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Driehaus*, 573 U.S. at 159 (citation and internal quotation marks omitted). "Generalized threats of prosecution do not confer constitutional ripeness," and "there must be a *genuine* threat of *imminent* prosecution." *Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1210 (9th Cir. 2022) (cleaned up). To determine whether a plaintiff faces a credible threat, courts in the Ninth Circuit "consider (1) whether the plaintiff has a 'concrete plan' to violate the law, (2) whether the enforcement authorities have 'communicated a specific warning or threat to initiate proceedings,' and (3) whether there is a 'history of past prosecution or enforcement.'" *Tingley v. Ferguson*, 47 F.4th 1055, 1067 (9th Cir. 2022) (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc)).

On review of the materials submitted by Plaintiffs in connection with the Motion and the Complaint's allegations, as compared with the terms of AB 2098, the court finds Plaintiffs have insufficiently demonstrated a "concrete plan" to violate that law.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01805-FWS-ADS                                    Date: November 21, 2022
Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.*

AB 2098 provides that "[i]t shall consitute unprofessional conduct for a physician and surgeon to disseminate misinformation or disinformation related to COVID-19, including false or misleading information regarding the nature and risks of the virus, its prevention and treatment; and the development, safety, and effectiveness of COVID-19 vaccines." AB 2098 § 2(a). AB 2098 applies to "person[s] licensed by the Medical Board of California," such as Plaintiffs. *Id.* § 2(b)(5). To violate the plain terms of AB 2098, then, the government would need to show that Plaintiffs (1) "disseminated"; (2) one of the two types of "information" penalized by the statute.

These terms are defined by AB 2098. The first type of penalized information, "misinformation," is "false information that is contradicted by contemporary scientific consensus contrary to the standard of care." *Id.* § 2(b)(4). Pursuant to the plain meaning of AB 2098's terms, misinformation is (1) demonstrably false; (2) contractited by contemporary scientific consensus; and (3) contradicted to the extent that its use in medical treatment or advice violates the applicable standard of care. The second category, "disinformation," includes in its definition the requirements of "misinformation," and, additionally, the elements that it is (1) "deliberately disseminated" (2) "with malicious intent or an intent to mislead." *Id.* § 2(b)(2). For its part, "[d]isseminate means the conveyance of information from the licensee to a patient under the licensee's care in the form of treatment or advice." *Id.* § 2(b)(3).

Plaintiffs have submitted they have, for example, "raised concerns about the new vaccines developed to combat COVID-19," (Barke Decl. ¶ 12; *accord* McDonald Decl. ¶ 12; Compl. ¶¶ 40-41, 60-61); become "outspoken" about the "flaws [Plaintiffs] see in the public health response to the COVID-19 pandemic," (Barke Decl. ¶ 7; *accord* McDonald Decl. ¶ 7; Compl. ¶¶ 36, 56); and "advocated publicly" about their "objections to federal and state COVID-19 policies, including on social media, in various interviews, and in [Plaintiffs'] own published writing," (Barke Decl. ¶ 13; *accord* McDonald Decl ¶ 13; Compl. ¶¶ 43, 44). Based on Plaintiffs' review of the applicable medical literature, Plaintiffs state they have supported the use of medications such as ivermectin and hydroxychloroquine as options to treat COVID-19, objected to mask requirements for adults and children, opposed mandatory school closures, and raised concerns about vaccinations developed to combat COVID-19. (Barke Decl. ¶¶ 9-12; *accord* McDonald Decl ¶¶ 9-12; Compl. ¶¶ 38-41, 57-61.) Plaintiffs contend their views are

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01805-FWS-ADS | Date: November 21, 2022 |
| Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.* | |

based on their experience, evaluation of the applicable evidence (or the absence thereof), and that neither has been subject to discipline from a medical regulatory authority as a result. (Barke Decl. ¶¶ 8-12; *accord* McDonald Decl ¶¶ 8-12; Compl. ¶¶ 34-37, 54-57.)  Otherwise, Dr. McDonald submits that he was placed under investigation by the Medical Board of California based on complaints filed in response to posts he made on social media websites Twitter and Facebook regarding "posts on [the websites] about masks [that] were flagged for spreading misinformation about Covid" and promoting ivermectin as a treatment for COVID-19, but maintains his recommendations are based on his review of the applicable empirical evidence, and denies having offered "medical opinions that have included any inaccurate information."  (*See* Dkt. 35-1; McDonald Decl. ¶ 16; Compl. ¶¶ 45-50.)

      However, as Defendants note, Plaintiffs do not allege they intend to violate AB 2098 in the future because Plaintiffs do not allege they "intend to give [advice] contrary to the standard of care," and do not "identify any specific treatment, care, or advice they currently wish to provide to a patient that they believe will be prohibited under AB 2098."  (Opp. at 8 (emphasis removed).)  The court also agrees with Defendants that Plaintiffs' allegations pertain to "the public statements they have made" rather than advice they wish provide in a doctor-patient relationship.  (Opp. at 8 (emphasis removed).)  Under the provisions of AB 2098 discussed above, any violation of AB 2098 requires at a minimum, that Plaintiffs engage in the "conveyance of information from [Plaintiffs] to a patient under [Plaintiffs'] care in the form of treatment or advice," and thus does not concern Plaintiffs' public statements and dissention regarding the suitability of COVID-19 treatments.  Additionally, as set forth above, any violation of AB 2098 requires Plaintiffs to provide information that is contracticted by contemporary scientific consensus, but Plaintiffs assert their views have been formulated *based on* the applicable scientific evidence and literature.  (*See, e.g.*, McDonald Decl. ¶¶ 11-12; Barke Decl. ¶¶ 11-12.)  To the extent Plaintiffs view AB 2098 as impermissibly vague, the court does not find, at least for the purposes of these elements, that its terms prevent the court from ascertaining whether Plaintiffs' allegations are sufficiently within the realm of the potentially prosecutable.

      Given the courts' analysis above, the court finds that Plaintiffs have not "articulate[d] a '"concrete plan"' to violate the law in question' by giving details about their future speech such

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01805-FWS-ADSDate: November 21, 2022
Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.*

as 'when, to whom, where, or under what circumstances.'"[1] *Lopez v. Candaele*, 630 F.3d 775, 787 (9th Cir. 2010) (quoting *Thompson*, 220 F.3d at 1139). Stated differently, Plaintiffs' allegations related to their past advocacy regarding certain treatments for COVID-19 and the investigation of Dr. McDonald related to his activity on Twitter and Facebook are insufficiently "specific enough so that [the] court need not 'speculate as to the kinds of political activity the [Plaintiffs] desire to engage in or as to the contents of their proposed [] statements or the circumstances of their publication.'" *Id.* (quoting *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 90 (1947)). "Without these kinds of details, a court is left with mere some day intentions, which do not support a finding of the actual or imminent injury that our cases require." *Unified Data Servs.*, 39 F.4th at 1211 (cleaned up).

The second factor also favors finding Plaintiffs lack standing. Because California has not "disavow[ed] enforcement" of AB 2098 entirely, the court may consider that reticence as "evidence that [California] intends to enforce th[at] law." *Cal. Trucking Ass'n v. Bonta*, 996 F.3d 644, 653 (9th Cir. 2021), *cert. denied sub nom. California Trucking Ass'n, Inc. v. Bonta*, 142 S. Ct. 2903 (2022). But here, the government has affirmatively argued that Plaintiffs' allegations of *past* activity lacking specific allegations that they intend to engage in *future* behavior that would violate AB 2908 are insufficient to constitute an actionable violation of the law. (*See, e.g.*, Opp. at 8 ("AB 2098 has no bearing on [Plaintiffs'] public statements" since it does not involve providing advice or treatment to an individual patient in their care); *id.* at 8-9 ("Plaintiffs do not maintain, however, that whatever advice they intend to give contrary to the standard of care—and their declarations are silent on precisely what advice that is—would be given only one time or to only one patient such that they face a new liability under AB 2098.").) Under similar circumstances, the Ninth Circuit has held that "plaintiffs' claims of future harm lack credibility when the challenged speech restriction by its terms is not applicable to the plaintiffs, or the enforcing authority has disavowed the applicability of the challenged law to the plaintiffs." *Lopez*, 630 F.3d at 788; *see also Barke v. Banks*, 25 F.4th 714, 719-20 (9th Cir.

---

[1] Because the court ultimately does not reach the parties' substantive arguments regarding Plaintiffs' constitutional claims, including whether AB 2908 regulates "speech" or "conduct," nothing in this Order should be construed as expressing a view on the merits of Plaintiffs' constitutional claims.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01805-FWS-ADS | Date: November 21, 2022 |
| Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.* | |

2022) (rejecting argument government would erroneously attribute statements to plaintiffs in a manner subjecting them to liability under challenged statute because record and authorities at issue did not demonstrate a credible threat of enforcement, where government conceded "much of the speech" alleged by plaintiffs constituted "individual speech" to which the statute did not apply). Given Defendants similarly state Plaintiffs' allegations and declarations, as alleged and submitted, do not support finding liability under AB 2098, the court finds this factor also weighs against finding standing.

Finally, because the record indicates AB 2098, as a statute that is not yet effective, has no history of enforcement, the third factor weighs against finding Plaintiffs have standing. However, the court acknowledges that "the history of enforcement carries little weight when the challenged law is relatively new and the record contains little information as to enforcement." *Tingley*, 47 F.4th at 1069 (9th Cir. 2022) (citation and internal quotation and punctuation marks omitted). Accordingly, "[t]he sparse enforcement history weighs against standing but 'is not dispositive.'" *Id.* (citations and internal quotation marks omitted).

On occasion, courts will find standing "in a pre-enforcement challenge that alleges a free speech violation under the First Amendment," if the plaintiff "demonstrate[s] that a threat of potential enforcement will cause him to self-censor, *and not follow through with his concrete plan to engage in protected conduct*." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 839 (9th Cir. 2014) (emphasis added). Stated differently, "a well-founded fear of prosecution will only inure if the plaintiff's intended speech arguably falls within the statute's reach." *See Wolfson v. Brammer*, 616 F.3d 1045, 1062 (9th Cir. 2010) (citations and internal quotation marks omitted). For the reasons discussed above, the court finds Plaintiffs have insufficiently demonstrated they have such a reasonable fear, at most demonstrating insufficient "some day" allegations that they might eventually run afoul of AB 2908's provisions. *See also Lopez*, 630 F.3d at 787 ("[W]here multiple plaintiffs challenged a California law that criminalized teaching communism, the Supreme Court concluded that three of the plaintiffs, who had not alleged that 'they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible,' but merely that they felt 'inhibited' in advocating political ideas or in teaching about communism, did not have standing.") (citing *Younger v. Harris*, 401

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01805-FWS-ADS | Date: November 21, 2022 |
| Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.* | |

U.S. 37, 42 (1971)); *cf. Bain v. California Tchrs. Ass'n*, 891 F.3d 1206, 1214 (9th Cir. 2018) (holding allegations employee could "*conceivably* return to her old job, without more, is precisely the type of speculative 'some day' intention the Supreme Court has rejected as insufficient to confer standing") (citations omitted); *Lujan*, 504 U.S. at 564 (holding that the professed intent to visit a country was insufficient to demonstrate Article III standing when plaintiffs had not purchased a plane ticket or identified when they would visit).

While Plaintiffs have alleged AB 2098 will "force[] [them] to choose between providing [their] best medical judgment and censoring that judgment to comply with the law" based on the their "fear that the [Medical] Board [of California] will use this new authority to threaten [their] medical license[s]," (Barke Decl. ¶ 19; *see* McDonald Decl. ¶ 21), "[b]are allegations that a plaintiff's speech has been chilled by the challenged statute are insufficient to establish a reasonable fear of prosecution," *Wolfson*, 616 F.3d at 1062, and Defendants have avowed their allegations of past conduct escape the clutches of AB 2098.  At oral argument, Plaintiffs' counsel expressed concern that pleading further specificity might provide California with a "roadmap" to potentially prosecute Plaintiffs.  But, under precedent binding on this court, "[e]ven a 'Hobson's choice' must be 'particularized' and 'imminent.'" *Unified Data Servs.*, 39 F.4th at 1211 (citing *Clark v. City of Seattle*, 899 F.3d 802, 813 (9th Cir. 2018)).  Ultimately, based on the record before the court, the court finds Plaintiffs lack Article III standing to bring a pre-enforcement challenge to AB 2908.[2]  Because Plaintiffs' lack of Article III standing precludes a finding that they have raised serious questions going to the merits of their claims, the court finds Plaintiffs have not demonstrated a sufficient likelihood of success on the merits of their claims to warrant a preliminary injunction, and thus need not consider the remaining *Winter* factors.  *See Garcia*, 786 F.3d at 740.  Accordingly, the court **DENIES** the Motion.

**IV.   Disposition**

---

[2] Because the court does not reach the parties' arguments on the merits of AB 2098, the court **DENIES AS MOOT** Defendants' Requests for Judicial Notice (Dkt. 50-3), all of which relate to the AB 2098's legislative history or historical California statutes regulating the medical field.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01805-FWS-ADS                                              Date: November 21, 2022
Title: Mark McDonald *et al.* v. Kristina D. Lawson *et al.*

     For the reasons set forth above, the court finds Plaintiffs lack Article III standing, and accordingly **DENIES** the Motion. Because Plaintiffs lack standing, the court further **DISMISSES WITH LEAVE TO AMEND** the Complaint (Dkt. 1). *See Defend Our Freedoms Found. v. Schumer*, 2021 WL 840352, at *2 (C.D. Cal. Jan. 29, 2021); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). If Plaintiffs wish to file an amended complaint, Plaintiffs shall do so within **thirty (30) days** of this Order, or the court's dismissal will operate as a dismissal with prejudice without further notice.