**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK MCDONALD; JEFF BARKE, | No. 22-56220 |
| *Plaintiffs-Appellants*, | D.C. No. 8:22-cv-01805-FWS-ADS |
| v. | |
| KRISTINA D. LAWSON, in her official capacity as President of the Medical Board of California; RANDY W. HAWKINS, in his official capacity as Vice President of the Medical Board of California; LAURIE ROSE LUBIANO, in her official capacity as Secretary of the Medical Board of California; MICHELLE ANNE BHOLAT; DAVID E. RYU; RYAN BROOKS; JAMES M. HEALZER; ASIF MAHMOOD; NICOLE A. JEONG; RICHARD E. THORP; VELING TSAI; ESERICK WATKINS, in their official capacities as members of the Medical Board of California; ROB BONTA, in his official capacity at Attorney General of California, | OPINION |
| *Defendants-Appellees*. | |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

| | |
|---|---|
| MICHAEL COURIS; MICHAEL FITZGIBBONS, | No. 23-55069 |
| *Plaintiffs-Appellants*, | D.C. No. 3:22-cv-01922-RSH-JLB |
| v. | |
| KRISTINA D. LAWSON, in her official capacity as President of the Medical Board of California; WILLIAM J. PRASIFKA, in his official capacity as Executive Director of the Medical Board of California; ROB BONTA, in his official capacity as Attorney General of California, | |
| *Defendants-Appellees*. | |

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Argued and Submitted July 17, 2023
Pasadena, California

Filed February 29, 2024

Before:  A. Wallace Tashima and Danielle J. Forrest, Circuit Judges, and Kathleen Cardone,[*] District Judge.

Opinion by Judge Forrest

---

## SUMMARY[**]

---

### COVID-19 /Mootness

The panel vacated the district court's judgment and remanded with instructions to dismiss as moot two cases brought by doctors who challenged California's now repealed Assembly Bill 2098, which made it "unprofessional conduct" for a doctor to provide COVID-19-related "disinformation" or "misinformation" to patients.

The panel held that California's repeal of AB 2098 triggers the presumption of mootness. Plaintiffs did not contend that "there is a reasonable expectation" that California will reenact AB 2098 or similar legislation, nor did plaintiffs point to anything in the record so indicating. AB 2098 was enacted in response to the COVID-19 pandemic, which is not a routine occurrence that is reasonably likely to reoccur. While it may be reasonably likely, as a general matter, that future pandemics may occur,

---

[*] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

this alone is insufficient to overcome the presumption of mootness.

Because there is no indication that California is reasonably likely to reenact AB 2098 or anything substantially similar to it, and because the possibility of California enforcing AB 2098 following its repeal is at best "remote," there was no longer an ongoing case or controversy to resolve. Accordingly, the panel vacated the district court's judgment and remanded with instructions for the district court to dismiss the two cases as moot.

## COUNSEL

Adam E. Schulman (argued) and Theodore H. Frank, Hamilton Lincoln Law Institute, Washington, D.C.; Neville Hedley, Hamilton Lincoln Law Institute, Chicago, Illinois; Jacob H. Huebert (argued), Daniel R. Suhr, and Reilly Stephens, Liberty Justice Center, Chicago, Illinois; Mariah Gondeiro, Julianne E. Fleischer, and Robert H. Tyler, Advocates for Faith & Freedom, Murrieta, California; for Plaintiffs-Appellants.

Kristin Liska (argued) and Christina S. Goot, Deputy Attorneys General; Edward Kim and Anya M. Binsacca, Supervising Deputy Attorneys General; Gloria L. Castro and Thomas S. Patterson, Senior Assistant Attorneys General; Rob Bonta, Attorney General of California; Office of the Attorney General, San Francisco, California; for Defendants-Appellees.

Paul M. Sherman, Institute for Justice, Arlington, Virginia; Paul Avelar, Institute for Justice, Tempe, Arizona; for Amici Curiae Institute for Justice.

John Kappos, O'Melveny & Meyers LLP, Dallas, Texas; Laura K. Kaufmann, O'Melveny & Meyers LLP, Los Angeles, California; Kevin Díaz, Compassion & Choices, Portland, Oregon; for Amici Curiae Compassion & Choices.

Hannah M. Kieschnick, Shilpi Agarwal, Angélica Salceda, and Chessie Thacher, American Civil Liberties Union Foundation of Northern California, San Francisco, California; Peter Eliasberg and Melissa Goodman, American Civil Liberties Union Foundation of Southern California, Los Angeles, California; for Amici Curiae ACLU of Northern California and ACLU of Southern California.

Jenin Younes, Gregory Dolin MD, and Mark Chenoweth, New Civil Liberties Alliance, Washington, D.C.; for Amici Curiae New Civil Liberties Alliance.

## OPINION

FORREST, Circuit Judge:

In the wake of the COVID-19 pandemic, California enacted Assembly Bill 2098 (AB 2098).[1] AB 2098 made it "unprofessional conduct" for a doctor to provide COVID-19-related "disinformation" or "misinformation" to patients. Several doctors challenged the law as an unconstitutional restriction of speech and unconstitutionally vague, including the plaintiffs in these consolidated appeals.

In *McDonald v. Lawson*, No. 22-56220, Mark McDonald, M.D. and Jeff Barke, M.D. sued numerous

---

[1] AB 2098 was codified as Cal. Bus. & Prof. Code § 2270 (repealed 2024).

California officials and sought to enjoin AB 2098. The district court denied a preliminary injunction, holding that AB 2098 was neither an unconstitutional restraint on speech nor impermissibly vague. Drs. McDonald and Barke timely appealed. In *Couris v. Lawson*, No. 22-55069, Michael Couris, M.D. and Michael Fitzgibbons, M.D. separately sued various California officials and also sought an injunction, but the district court stayed their case pending our decision in *McDonald*. Drs. Couris and Fitzgibbons timely appealed, and we consolidated the two appeals.

Because California repealed AB 2098 while these appeals were pending and presented evidence that it would not enforce any violations that occurred when AB 2098 was in effect, we vacate the judgments below and remand with instructions to dismiss the cases as moot. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950).

## I.  BACKGROUND

### A.  The Plaintiffs

Dr. McDonald is a licensed psychiatrist practicing in Los Angeles, California who has counseled patients on a range of mental health issues stemming from COVID-19. His patients have asked him about various COVID-19 related topics such as masking, vaccines, and government shutdowns. Responding to these questions, Dr. McDonald has shared information that "undermines the government's preferred position," such as questioning the efficacy of masks, expressing disagreement with shut-down policies, and sharing information critical of the COVID-19 vaccines. Dr. McDonald is concerned that his medical license is in jeopardy because of AB 2098's vague restrictions.

Dr. Barke is a licensed physician who operates a concierge practice in Newport Beach, California. He has treated hundreds of patients with COVID-19 using a wide range of treatment protocols. He has also provided information to patients questioning the efficacy of masking and has discussed natural immunity as an alternative to COVID-19 vaccines and booster shots. Dr. Barke is concerned about AB 2098's vague standard and fears that the law jeopardizes his medical license because "the medical advice [he] give[s] has been contrary to the government's version of the scientific consensus."

Dr. Couris is an ophthalmologist based in San Diego, California. Many of his patients have asked him about COVID-19, and he has provided advice to those patients. He typically advises that older patients and those with risk factors such as obesity, diabetes, or asthma should get vaccinated, but that in doing so they should opt for the Novavax vaccine. He also generally advises patients that young children should not get the mRNA vaccines. Dr. Couris is concerned that this type of advice and counsel could cause him to be disciplined under AB 2098.

Dr. Fitzgibbons is a board-certified physician practicing in Santa Ana, California. Between 2020 and 2022, he personally treated around 1,000 patients diagnosed with COVID-19. In doing so, he informed patients about his beliefs regarding the origin of the COVID-19 virus and has advised patients regarding (and prescribed) hydroxychloroquine, azithromycin, and ivermectin. He also advises patients regarding vaccination for COVID-19. While he advises some patients to get vaccinated, he counsels others—such as children and those that have previously contracted COVID-19—against the shots. Dr. Fitzgibbons

fears that he will be disciplined under AB 2098 for continuing to provide similar advice.

Although Drs. McDonald, Barke, Couris, and Fitzgibbons (Plaintiffs) all express concern about the possibility of professional discipline, they have not been subject to disciplinary action by the Medical Board of California (Medical Board) for violating AB 2098.

## B. AB 2098

The Medical Board, headed by defendant Kristina Lawson, supervises the medical profession in California by issuing licenses, reviewing the quality of medical practice carried out by physicians and surgeons, approving medical-evaluation programs, and administering the continuing-medical-education program. *See* Cal. Bus. & Prof. Code § 2234. As part of this responsibility, the Medical Board has a duty to "take action against any licensee who is charged with unprofessional conduct," which includes gross negligence, repeated negligent acts, incompetence, dishonesty, and corruption. *See* Cal. Bus. & Prof. Code § 2234. California's Business and Professions Code identifies a wide array of activities that the California legislature has determined constitute unprofessional conduct and can lead to professional discipline. *See* Cal. Bus. & Prof. Code § 2243.

Frustrated by what it saw as an "amplification of misinformation and disinformation related to the COVID-19 pandemic" by licensed medical providers who hold a high degree of public trust, the California Medical Association sponsored a bill aimed at ensuring medical professionals were "held accountable for the information they spread." The California Assembly's Business and Professions Committee report on this legislative proposal noted that an

"extreme minority" of health professionals' "legitimiz[ation of] false information during the COVID-19 pandemic has presented serious implications for public safety." Notably, the report identified a licensed physician who had publicly promoted hydroxychloroquine as a COVID-19 treatment and engaged in public campaigns "stok[ing] public distrust in COVID-19 vaccines" as "an illustrative example of the type of behavior that the author of this bill" wanted to address.

In the Fall of 2022, after some revisions narrowing its scope, the legislature passed, and Governor Newsom signed into law, AB 2098. As codified, the law provided, in relevant part:

> (a) It shall constitute unprofessional conduct for a physician and surgeon to ***disseminate misinformation*** or ***disinformation*** related to COVID-19, including false or misleading information regarding the nature and risks of the virus, its prevention and treatment; and the development, safety, and effectiveness of COVID-19 vaccines.

> (b) For purposes of this section, the following definitions shall apply:
> . . .

> (2) "***Disinformation***" means ***misinformation*** that the licensee deliberately disseminated with malicious intent or an intent to mislead.

> (3) "***Disseminate***" means the conveyance of information from the licensee

to a patient under the licensee's case in the
form of treatment or advice.

(4) "**Misinformation**" means false
information that is contradicted by
contemporary scientific consensus contrary
to the standard of care.

Cal. Bus. & Prof. Code § 2270 (repealed 2024) (emphases
added). The legislative findings in the bill noted: the severe
loss of life caused by COVID-19; the increased risk of death
associated with COVID-19 for those who are not fully
vaccinated; the safety and efficacy of COVID-19 vaccines
that were developed; that misinformation about these
vaccines had weakened public confidence and placed lives
at risk; and that media had reported that some of the most
dangerous propagators of inaccurate information regarding
COVID-19 vaccines are licensed health-care professionals.
*See* A.B. 2098 2021–2022 Reg. Sess. § 1(a)–(e) (Cal. 2022).

### C. SB 815

In September 2023, the California Legislature passed
Senate Bill 815, enacted as 2023 Cal. Stat., ch. 294 (SB 815),
which repeals AB 2098. *See* S.B. 815 2023 –2024 Reg. Sess.
§ 19 (Cal. 2023). Governor Newsom signed SB 815 on
September 30, 2023, and it took effect on January 1, 2024.
*See* Cal. Const. art. IV, § 8(c)(1).

## II. DISCUSSION

We requested supplemental briefing from the parties on
the impact of SB 815 on this appeal.[2] After considering the
parties' arguments, we conclude that "there is no longer a

---

[2] SB 815 was enacted and became effective after oral argument in this
case.

possibility that [Plaintiffs] can obtain relief for [their] claim[s]" and their claims are, therefore, moot. *MetroPCS Cal., LLC v. Picker*, 970 F.3d 1106, 1116 (9th Cir. 2020) (quoting *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003)).

We have a duty to determine our jurisdiction at all stages of a case. *See Moore v. Harper*, 600 U.S. 1, 14 (2023); *see also Native Vill. of Nuiqsut v. Bureau of Land Mgmt.,* 9 F.4th 1201, 1210 (9th Cir. 2021) ("[O]ur duty to examine mootness is an ongoing obligation."). We "have no jurisdiction to hear a case that is moot." *MetroPCS*, 970 F.3d at 1115–16 (citation omitted). "[C]hanging circumstances" can render a case moot. *ACLU of Nev. v. Lomax*, 471 F.3d 1010, 1016 (9th Cir. 2006) (quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001)). Relevant here, a "repeal, amendment, or expiration of legislation" gives rise to "a presumption that the action is moot, unless there is a reasonable expectation that the legislative body is likely to enact the same or substantially similar legislation in the future." *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1197 (9th Cir. 2019) (en banc); *see also New York State Rifle & Pistol Ass'n v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (per curiam) (holding that claims seeking "declaratory and injunctive relief against enforcement" of New York City rule were moot after the rule was amended); *Bunker Ltd. P'ship v. United States*, 820 F.2d 308, 312 (9th Cir. 1987) ("Where new legislation represents a complete substitution for the law as it existed at the time of a district court's decision, arguments based upon the superseded part are moot."). A reasonable expectation of the same or similar legislation being re-adopted "must be founded in the record." *Glazing Health*, 941 F.3d at 1199.

While a private party's voluntary cessation of challenged conduct "ordinarily does not suffice to moot a case" because the defendant may be "free to return to his old ways" and resume the conduct, *see Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 174, 189 (2000) (citation omitted), "we treat the voluntary cessation of challenged conduct by government officials 'with more solicitude.'" *Glazing Health*, 941 F.3d at 1198 (quoting *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010)); *see also Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 419 (9th Cir. 2020) ("[T]he voluntary cessation of challenged acts by a private party is not entitled to the presumption of good faith enjoyed by legislative bodies when they repeal or amend a challenged legislative provision.").

Here, California's repeal of AB 2098 triggers the presumption of mootness. Plaintiffs do not contend that "there is a reasonable expectation" that California "will reenact [AB 2098] or [legislation] similar to it," nor do they point to anything in the record so indicating. *Glazing Health*, 941 F.3d at 1199. SB 815 passed with overwhelming support. And AB 2098 was enacted in response to the COVID-19 pandemic, which is not a routine occurrence that we can assume is reasonably likely to reoccur. While it may be reasonably likely, as a general matter, that future pandemics may occur, this alone is insufficient to overcome the presumption of mootness.

Plaintiffs argue that this appeal is not moot because they face the possibility of being disciplined for violations that occurred while AB 2098 was in effect. If true, this could defeat a finding of mootness. *See MetroPCS*, 970 F.3d at 1117 (concluding the "possibility that the [government entity] will bring an enforcement action against

[Plaintiffs] . . . means there is still a live controversy"). But evidence submitted by California undermines Plaintiffs' argument.

We can, and, in some cases, must consider extra-record evidence "when developments render a controversy moot and thus divest us of jurisdiction." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003); *see also Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 681 (9th Cir. 2023) (en banc) ("Due to the nature of the mootness inquiry, unlike standing, we must consider factual developments that occurred after the suit was filed."). As part of California's response addressing the impact of SB 815, the Executive Director of the Medical Board stated under penalty of perjury that, due to the legislative repeal, the Medical Board's "employees and agents, including investigators . . . have been instructed not to enforce [AB 2098]" through the repeal effective date and that after AB 2098 is no longer in effect, "the Medical Board will have no legal authority to enforce [AB 2098]."

There is nothing in the record that contradicts the Executive Director's statement or otherwise indicates that it was made in bad faith. *See Am. Cargo Transp.*, 625 F.3d at 1180. Moreover, the Executive Director's sworn statement was made in the context of litigation, and, consequently, the Medical Board may be judicially estopped from assuming a contradictory position on enforcement or pursuing legal action against Plaintiffs at a later date. *See Bock v. Washington*, 33 F.4th 1139, 1145 (9th Cir. 2022) (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)); *see also Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 783 (9th Cir. 2001) ("The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the

same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases.").

\* \* \* \* \*

Because there is no indication that California is reasonably likely to reenact AB 2098 or anything substantially similar to it, and because the possibility of California enforcing AB 2098 following its repeal is at best "remote," *Decker v. Nw. Envt'l Def. Ctr*., 568 U.S. 597, 610 (2013), there is no longer an ongoing case or controversy for us to resolve. *See City & County of San Francisco v. Garland*, 42 F.4th 1078, 1087 (9th Cir. 2022); *see also Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086–87 (9th Cir. 2011). Accordingly, we vacate the district court's judgment and remand with instructions for the district court to dismiss Case Nos. 8:22-cv-01085 FWS-ADS and 3:22-cv-01922 RSH-JLB as moot. *Munsingwear,* 340 U.S. at 39.

**VACATED AND REMANDED.**

Each party shall bear its own costs on appeal.